UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

KELVIN ANDRE SPOTTS,            )
                                )
    Plaintiff,                  )          Civil No. 10-353-GFVT
                                )
v.                              )
                                )
OFFICER S. HOCK, et al.,        )          **MEMORANDUM OPINION**
                                )          **AND ORDER**
    Defendants.                 )

**\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\***

Defendants Senior Officer S. Hock, SIS Technician Rex Maschino, and Correctional Counselor Sondra Sims have filed a motion to dismiss the complaint, or in the alternative for summary judgment. [R. 15.] Plaintiff Kelvin Andre Spotts responded by moving for default judgment. [R. 24.] For the reasons stated below, the Court will deny the motion for default judgment, grant the motion for summary judgment, and dismiss the complaint with prejudice.[1]

**I**

Plaintiff Spotts filed his Complaint in this action on December 27, 2010. [R. 2.] Spotts alleges that on or about April 29, 2010, officer Hock told inmate Tomlinson that he was a "snitch," and that S.I.S. Officer Maschino and counselor Sims subsequently released confidential

---

[1] The record in this case requires some clarification. On September 19, 2011, the Court entered an Order addressing a number of motions, including Spotts's motion for a jury trial, which was denied as moot "[b]ecause the Court has granted the defendants' motion for summary judgment." [R. 33] However, as of the entry of the aforementioned Order, the Court had not granted the Defendants' Motion for Summary Judgment. The Court intended to enter this Memorandum Opinion and Order contemporaneously with the September 19, 2011 Order, but as a result of an administrative error, this did not occur.

After the September 19, 2011 Order was entered, Spotts filed several more motions. [R. 34-41.] The Court has reviewed those motions and notes that the conclusions reached in both the September 19, 2011 Order and this Memorandum Opinion and Order were unaffected. The

information contained in a sensitive grievance to other prisoners. Spotts contends these actions placed him at an increased risk of harm in violation of his rights under the Eighth Amendment and violated his rights under the First Amendment to seek redress of grievances.[2] [R. 2 at 8-9.]

On April 29, 2011, the defendants filed a motion to dismiss the complaint, or in the alternative, for summary judgment. [R. 15] In their motion, defendants argue that Spotts failed to exhaust his administrative remedies, that he cannot assert a claim for emotional injury without a showing of physical harm, that his allegations are conclusory and fail to state a claim, and that they would be entitled to qualified immunity in any event. On May 2, 2011, the Court ordered Spotts to file a response to the motion within twenty-eight days. [R. 18.] In response to Spotts's request, [R. 19] the Court extended his time to respond to the motion an additional thirty days to June 30, 2011. [R. 21]

On June 30, 2011, Spotts responded by moving for default judgment. [R. 24.] In his motion, Spotts argues that the defendants "cannot be represented by their employer" because they were sued in their individual, rather than official, capacities. [R. 24 at 1.] Spotts implies that the motion for summary judgment is therefore void because it was filed by the United States Attorney for the Eastern District of Kentucky as counsel for the defendants. [R. 24 at 2-3.] The defendants respond that federal regulations permit the Department of Justice ("DOJ") to represent federal employees and the DOJ approved such representation in this case. [R. 25.]

**II**

Because Spotts's motion for default judgment asserts that the defendants' motion for summary judgment is a nullity, the Court will address it first. If a party fails to defend against

---

Court will address those motions by separate order.
   [2] A more complete description of Spotts's allegations is set forth in the Court's February 16, 2011 Memorandum Opinion and Order. [R. 5]

claims asserted in a complaint, that party is in default. The entry of an adverse judgment based solely upon that default, however, is a severe sanction, is done only in the court's discretion, and may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(a)-(c)); *Pryor v. Hurley*, 2006 WL 1891140, at *4 (S.D. Ohio July 7, 2006). Entry of default against the federal government and its officers is particularly disfavored, and it may only occur if the plaintiff substantiates his claim for relief with acceptable evidence. Fed. R. Civ. P. 55(d); *Arevalo v. United States*, 2008 WL 3874795, at *6 (E.D. Pa. Aug. 20, 2008) (court may not enter default judgment against the government merely for failure to file a timely response).

Spotts's argument that the defendants are in default is based upon two premises: (1) that because he sued the defendants in their individual capacities, they may not be represented by attorneys for their employer,[3] the DOJ; and (2) because the DOJ may not represent the defendants, the motion to dismiss filed on their behalf is a nullity, thus placing them in default for failure to respond to the complaint. He is incorrect on both counts.

The defendants correctly point out that the DOJ is expressly authorized by regulation to provide legal representation to federal employees for individual capacity claims arising out of their employment:

> A federal employee ... may be provided representation in civil ... proceedings in which he is sued ... in his individual capacity...when the actions ... appear to have been performed within the scope of the employee's employment and the Attorney

---

[3] Spotts's argument appears to be premised upon a misunderstanding of the dichotomy between individual and official capacity claims. A civil rights claim must always be based upon the actions of an employee acting "under color of" state or federal law, meaning exercising his or her authority as a government employee to carry out the law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). This "state action" requirement should not be confused with the "capacity" under which the employee is sued. In this context the term "capacity" refers not to the type of conduct complained of, but to the party to be held responsible: an "individual" capacity claim seeks to impose liability directly upon the employee alleged to have acted improperly, an "official" capacity claim seeks to impose liability vicariously upon the agency that employed him. *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000).

> General or his designee determines that providing representation would otherwise be in the interest of the United States.

28 C.F.R. § 50.15(a). Thus, the DOJ may properly provide representation to the defendants for individual capacity claims against them. Even if this were not so, the proper remedy would not be to deem the responsive pleadings a nullity, but to file a motion to disqualify counsel. Further, Rule 55(d) requires a party seeking default judgment against a federal officer to provide evidence to substantiate his claim on the merits, something that Spotts's motion does not do. Spotts's motion for default judgment will therefore be denied.

With respect to the defendants' motion to dismiss, it must be treated as a motion for summary judgment under Rule 56 because they have attached documents and affidavits extrinsic to the pleadings in support of it. Fed. R. Civ. P. 12(d). A motion under Rule 56 challenges the viability of the another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If the moving party demonstrates that there is no genuine dispute as to any material fact and that she is entitled to a judgment as a matter of law, she is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there

an obligation to 'wade through' the record for specific facts."). Because Spotts did not file a substantive response to the defendants' motion, the Court accepts the defendants' facts as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992).

The court reviews all of the evidence presented by the parties in the light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

The defendants first contend that while Spotts filed several inmate grievances regarding the facts asserted in his complaint, his grievances regarding Hock related to matters not asserted in the complaint, and his grievances regarding Maschino and Sims were not filed in accord with BOP regulations. The Court agrees with respect to the claims asserted against defendants Maschino and Sims, but disagrees with respect to the claims against officer Hock.

A prisoner wishing to challenge the manner in which his criminal sentence is being carried out under federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days.

28 C.F.R. § 542.13, .14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16. Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames.

With respect to the allegations against officer Hock, on May 25, 2010, Spotts filed a Form BP-229 with the warden in which he explained that on April 29, 2010, he filed a lawsuit against officer Hock because he allegedly told an inmate that he was a "snitch." Spotts further stated that after he filed a grievance against Hock for "retaliation" on May 21, 2010, Hock "again told several inmates that I was [a 'snitch']." The grievance was assigned Remedy ID 592489. [R. 15-4 at 13.] The warden responded on June 15, 2010, that his allegations of staff misconduct would be investigated but that he would not be advised of the results. For administrative purposes, the grievance was denied. Spotts appealed his decision to the regional and central offices, resulting in a final denial on March 24, 2011. [R. 15-5 at 5-12.]

The defendants contend that this May 25, 2010 grievance complains only of Hock's actions on or after May 21, 2010, by allegedly telling inmates that Spotts was a "snitch" after he filed a grievance against Hock. Because Spotts's complaint relates to Hock's alleged action on April 29, 2010, the defendants argue that this grievance relates to different actions than those alleged in the complaint, rendering Spotts's claims unexhausted. Defendants view Spotts' first statement in the grievance - that he had sued Hock for previously telling an inmate that he was a "snitch" - as merely surplusage or providing context for his subsequent complaint. Spotts's grievance is not entirely clear, but it is quite plausible to read his grievance as complaining about

6

the larger course of Hock's alleged conduct in repeatedly telling inmates that Spotts was a snitch. While a grievance must be clear and specific enough to describe the subject matter, a high degree of particularity is not required - the point of the exhaustion requirement is to give the agency notice of the problem and a chance to fix it, not to litigate the issue. *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002); *see also Pruitt v. Holland*, No. 10-CV-111-HRW (E.D. Ky. 2010) (slip op. of Jan. 4, 2011). The Court concludes that, at least on the record before it, Spotts's grievance gave sufficient notice of his concerns regarding Hock's conduct in labeling him a snitch to survive summary judgment.

With respect to the allegations against officer Maschino and counselor Sims, on June 11, 2010, Spotts filed a "sensitive" Form BP-231 directly with the Central Office in which he alleged that staff had improperly allowed inmates to view a sensitive grievance he had filed. The Central Office rejected the grievance because the issue was not sensitive and directed Spotts to refile it at the institutional level. Instead, Spotts refiled the grievance with the regional office, which likewise rejected the grievance because the issue was not sensitive and advised him to refile it with the warden. Spotts ignored this direction as well, instead refiling the grievance with both the regional office and the Central Office. Each rejected the grievance on the same grounds. [R. 15-5 at 13-17]

The defendants correctly contend that Spotts's attempts to invoke the "sensitive" grievance procedure was improper in the first instance, and that his persistent failure or refusal to comply with the BOP's direction to file the grievance first at the institutional level renders this claim unexhausted. [R. 15, Attach 1 at 9-13.] Generally, an inmate must first attempt to resolve the grievance informally with unit staff, and if unsuccessful must file a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13(a). However, if the inmate believes that his

safety would be endangered if staff or other inmates became aware of the grievance, he may file a "sensitive" grievance directly with the regional office. 28 C.F.R. § 542.14(d)(1). Here, Spotts attempted to file a "sensitive" grievance with the Central Office rather than with the regional office, something the regulation does not permit. Further, once the grievance was rejected as not sensitive, Spotts was required to "pursue the matter by submitting an Administrative Remedy Request locally to the Warden." *Id.* Although the rejection notices advised him to follow this course, [R. 15-5 at 14-15] Spotts refused to do so. Because Spotts failed to follow these directions and abandoned his efforts to exhaust his administrative remedies, his claims against Maschino and Sims must be dismissed.[4] *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies . . . .").

The defendants next contend that Spotts's claims against officer Hock must fail because he did not allege or actually suffer any concrete physical injury. Federal law provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1997e(e). Defendants correctly point out that the Sixth Circuit has not permitted Eighth Amendment claims regarding being labeled a "snitch" to proceed absent a showing of actual physical harm. *Thompson v. Mich. Dept. of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal upon initial screening where "[plaintiff's] claim that

---

[4] "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216.

Here, the Court wants to highlight that Spotts's claims are not being dismissed sua sponte for failure to exhaust. Rather, Defendants' motion [R. 15 & Attachs. 2, 3, 4, 5] makes a satisfactory showing that Spotts failed to exhaust his administrative remedies. [*Id.*]

he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm."); *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004) (affirming dismissal of claim that officer who allegedly suggested plaintiff was a "snitch" placed inmate at risk of assault, because "an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment."). In addition, the grievance documents filed by Spotts indicate that, contrary to the allegations in his Complaint, he did not even subjectively fear retaliation. [R. 15-4 at 13 ("I am not in fear of my life, nor do I wish to be placed in the hold 'SHU'. I do not wish to lose my job, I just request that Officer Hock be removed from this Unit while Civil Litigation is pending in the Court.").] Under such circumstances, Spotts's claim fails as a matter of law. *Cf. White v. Trayser*, 2011 WL 1135635, at *6 (E.D. Mich. Jan. 4, 2011) (granting summary judgment to defendants where prisoner was never threatened, indicated he was not scared of being labeled a "rat" because other prisoners would not believe it, and did not apply for protective custody).

Finally, Spotts alleges that (1) Hock labeled him a snitch in retaliation for the lawsuit he filed about Hurricane Rita; and (2) Maschino and Sims released the contents of his confidential grievance to other inmates in retaliation for the grievance he filed against Hock. To state a First Amendment claim of retaliation,

> a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of "ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct."

*Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (*citing Thaddeus–X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir.1999) (*en banc*)).

However, as explained above, Spotts failed to timely and properly exhaust his administrative remedies with respect to any allegations against Maschino and Sims. Spotts

initially filed his grievance at the wrong level, and then repeatedly failed or refused to follow clear directions from both the central and regional offices to correct the errors. Having failed to exhaust his administrative remedies with respect to the claims against Maschino and Sims, they must be dismissed. *Bouman v. Robinson*, 324 F. App'x 523, 526-27 (7th Cir. 2009); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

With respect to his retaliation claim against Officer Hock, Spotts's claim must fail because he has failed to demonstrate the existence of a genuine dispute of material fact for trial. In support of his motion for summary judgment, Hock filed a sworn declaration stating:

> 7. I did not tell inmate Tomlinson that the Plaintiff was providing information to staff about drug sales at USP McCreary. Moreover, I was not aware whether the Plaintiff was or was not cooperating with staff.
>
> 8. I was not aware that the Plaintiff had allegedly filed a civil lawsuit regarding Hurricane Rita. Nor would I have any reason for retaliating against the Plaintiff for allegedly having filed a Civil Lawsuit in relation to a Hurricane.
>
> 9. I did not try to start a "race war" at USP McCreary. A race war at USP McCreary would place the life of inmates, the life of fellow staff members, and my life in peril. It would make no sense to purposely start any sort of inmate war at USP McCreary.
>
> 10. While I was aware that the Plaintiff allegedly attempted to obtain contraband from a staff member, I was not involved in the incident, and/or the investigation and decision making in relation to the alleged attempt to obtain contraband. I have no personal agenda against the Plaintiff and/or any reason to want to harm him. I did not retaliate against the Plaintiff by causing him to be labeled as a "snitch" for allegedly attempting to obtain contraband.

[R. 15-14, Decl. of Steven Hock at 2-3] First, because Spotts has made no response to the statements made in Hock's sworn declaration, the Court accepts them as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992). Further, because a responding

party cannot rely upon general allegations made in pleadings, but must point to specific evidence in the record, *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003), a prisoner fails to raise a genuine issue of material fact sufficient to survive summary judgment where they fail to contest an officer's affidavit stating that no retaliatory actions had been taken against the prisoner. *Sealey v. Pastrana*, 399 F. App'x 548, 550-51 (11th Cir. 2010).

This is particularly so where Spotts's own allegations regarding the cause of Hock's alleged retaliatory motive are self-contradictory - at one point Spotts contends that Hock was upset because he "had asked Mrs. Sims for some cigarettes," at another because "he did not feel that mr. Spotts had a right to redress his grievance about Hurricane Rita in a Federal Lawsuit." [R. 2 at 5, 6] Particularly in light of Hock's unrefuted assertion that he lacked knowledge of either of these facts, let alone retaliated against Spotts because of either one of them, Spotts has failed to adduce circumstantial evidence sufficient to support a reasonable inference of retaliatory intent to survive summary judgment. *Holzemer v. City of Memphis*, 621 F.3d 512, 525–26 (6th Cir. 2010).

### III.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion for default judgment [R. 24] is **DENIED**.

2. Defendants' motion to dismiss, or in the alternative for summary judgment [R. 15] is **GRANTED**.

3. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

4. The Court will enter an appropriate judgment.

This the 19th day of October, 2011.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**